[Civ. No. 1914.   Third Appellate District.—April 16, 1919.]

## J. L. SYDNEY, Appellant, v. JOHN RICHARDS et al., Respondents.

[1] MINING LAW—NOTICE OF LOCATION—SUFFICIENCY OF DESCRIPTION. In this action to quiet title to a copper mining claim, the trial court was justified in concluding that there was an honest attempt by defendants, who claimed under a prior notice of location, to locate said land, that there was a sufficient compliance with the requirements of the law, and that plaintiff had full knowledge of the extent of defendants' claim.

APPEAL from a judgment of the Superior Court of Mariposa County.  J. J. Trabucco, Judge.  Affirmed.

The facts are stated in the opinion of the court.

F. P. Tuttle for Appellant.

John A. Wall for Respondent.

BUCK, P. J., *pro tem.*—This is an action to quiet title to a copper mining claim. The defendants Westfall and Beeves filed a disclaimer. The case was tried by the court sitting without a jury, and judgment was for defendant Richards, and plaintiff appeals. The land in question was unoccupied government mineral land and at the trial plaintiff attempted to prove that she had acquired title thereto by two distinct proceedings. First, that on January 1, 1911, she and one

Lisenby, through her husband, posted a notice of location upon the ground, and in 1913 performed more than one hundred dollars' worth of labor. Afterward this location was abandoned and on September 14, 1914, while the land as she claims was still unlocated, she made a valid location thereon by posting the proper notice.

As regards the location of January, 1911, the trial court found from conflicting evidence that the required assessment work for the year 1913 had not been done. Under the rule governing this court, this finding will not be disturbed.

[1] As regards the location of September, 1914, by plaintiff, there was offered in evidence at the trial a prior notice of location posted on the claim on March 11, 1914, by defendant which, over the objection of plaintiff, was received in evidence and was the basis upon which judgment in favor of defendant was rendered.

The question in controversy is whether this prior notice of location by defendant contained a sufficient description of the land sought to be located under the provisions of sections 1426 and 1426a of the Civil Code. The following is a copy of the notice of location:

"Notice of Location—Quartz Claim.

"Notice is Hereby Given, that the undersigned citizen of the United States has, in compliance with the requirements of the Revised Statutes of the United States has this day located and claim Fifteen Hundred linear feet along the course of this lead, lode or vein of mineral-bearing quartz, and Three Hundred feet in width on each side of the middle of said lead, load or vein, together with all mineral deposits contained therein, and all timber growing within the limits of said claim, and all water and water privileges thereon or appurtenant thereto, situate in the Green Mountain Mining District, County of Mariposa, and State of California, and more particularly described as follows, to-wit: Commencing at a stone monument about 100 feet north of an old incline shaft, thence northerly 600 feet and southerly nine hundred feet along the vein or lode which is the center line of the claim. The shaft is located about 600 feet west of the N. E. Corner of Section 4, T. 8 S., R. 18 E., M. D. M. This claim shall be known as the Sunny Side Quartz Claim."

The recent case of *Batt* v. *Stedman*, 36 Cal. App. 608, [173 Pac. 99], decided in this court since briefs were filed herein,

lays down the principles which will govern this court in considering the sufficiency of a notice of a mining location.    Following other precedents, that case holds that "location notices should be liberally construed, having reference to the circumstances under which, and the character of the parties by which they are generally made; in determining the sufficiency of the location notice, the most important guide is the purpose of the notice, which is to identify the land claimed with reasonable certainty."    Also the statute expressly provides that the description of the claim may be made "by reference to some natural object or permanent monument as will identify the claim located"; and that "in no case shall the claim extend more than one thousand five hundred feet along the course of the vein or lode nor more than three hundred feet on either side thereof, measured from the center line of the vein at the surface"; and that the notice must contain "the number of linear feet claimed in length along the course of the vein, each way from the point of discovery, with the width on each side of the center of the claim, and the general course of the vein or lode, as near as may be."    (Civ. Code, 1426, 1426a.)

Now, as regards the natural objects and monuments on the land which were attempted to be used by the defendant to "identify the claim located," the following appears from the testimony: The land in dispute is old mining ground and had been mined years before by the Guggenheims.    In 1912, and prior thereto and at the time of the location, there was on the claim a 115-foot tunnel.    Also the ground was all clear and with but a single tree on it.    Also plaintiff's husband testified that he had known the land for years, that "discovery of copper-bearing ore had been made on the claim.    There is a well-defined ledge on the claim, and the apex of the vein extends the whole length of the claim."    And respondent testified: "On March 11, 1914, I discovered rock in place on the claim bearing valuable copper ore.    I built my discovery monument on the vein at this point.    It was made of rocks and was two feet wide and three feet high; and on that day I placed and posted [the above notice of location], on this discovery monument."

From the foregoing it will appear that there were upon the ground three objects, each of which objects were referred to by the locator in his notice, to wit, the well-defined ledge on

the claim, the apex of which "extends the whole length of the claim," the shaft, or tunnel, and the monument. The description in the first place makes the well-defined ledge "the center of the claim"; and, second, makes the stone monument referred to as the point of discovery the starting point for the measurement northerly six hundred feet and southerly nine hundred feet of an aggregate distance of "one thousand five hundred linear feet *along the course* of *this* lead, lode or vein of mineral-bearing quartz." And the notice also defines the other dimension of the claim by like reference to this well-defined ledge on the claim as being "three hundred feet in width on each side of the middle of said lead, lode or vein."

And furthermore, by his own conduct, the husband of plaintiff, while acting for her, indicates that the monument referred to in defendant's location notice was a sufficient location of the point of discovery when he testifies: "I posted the Lone Tree mine location notice in the same monument of rocks where I found the Sunnyside mine notice of location." Furthermore, he gives no testimony from which it can be inferred that the notice of location posted by the defendant was insufficient to give him or any other person notice or information of the boundaries of defendant's location. His testimony in this action being as follows: "A few days after March 11, 1914, I was on the ground and found the notice of location of the Sunnyside Mine by defendant John Richards in a monument of rocks on the vein. I read this Sunnyside Mine notice of location at this time, and then put it back in the monument of rocks where I found it; I did not make any effort to follow the directions contained in the Sunnyside Mine location notice to find if any monuments had been placed to mark the claim. I have never made any such effort. The ground is all clear; some grass grows each year and there is but one single tree on the ground. By little effort I could have readily found and seen any monuments of rocks or any other monuments on the ground. I was advised that the Sunnyside Mine location was defective, for the reason that the notice of location did not contain enough writing, that it did not comply with the requirements of the statutes of the state of California, and that was my sole and only reason for making the Lone Tree location on the same ground as claimed by the Sunnyside Mine notice of location. I posted the Lone Tree Mine location notice in the same

monument of rocks wherein I found the Sunnyside Mine notice of location."

As stated by this court in the case of *Green* v. *Gavin*, 10 Cal. App. 330, at page 337, [101 Pac. 931, 933] : "We think the court below was justified in concluding that there was an honest attempt by defendants to locate said land, that there was a sufficient compliance with the requirements of the law—that plaintiff had full knowledge of the extent of defendants' claim."

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 12, 1919.

All the Justices concurred.